FILED 20 AUG '20 17:54 USDC-ORE

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:20-cr-00373-SI |
| v. | INDICTMENT |
| ; ; ; **HECTOR JAVIER GARCIA**; ; and ; **Defendants.** | 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(i and vi); 843(b); 856(a) and 846; **Forfeiture Allegations** **UNDER SEAL** |

## COUNT 1
**(Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, to Use a Communication Facility and to Maintain Drug-Involved Premises)**
**(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(i and vi), 843(b), 856(a) and 846)**

Beginning on an unknown date but no later than on or before the month of March 2020, and continuing until an unknown date but ending no earlier than the date of this indictment, in the District of Oregon and elsewhere, defendants ███████████████ ███████████████████████████████████████████████ and ██████████████ did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons whose identities are known and unknown to commit the following objects in violation of Title 21, United States Code, Section 846:

/ / / /

/ / / /

**Indictment** Page 1

## Objects of the Conspiracy

A. **Possession with Intent to Distribute Methamphetamine**: The conspirators agreed to possess with intent to distribute 50 grams or more of actual methamphetamine its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

B. **Distribution of Methamphetamine:** The conspirators agreed to distribute 50 grams or more of actual methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

C. **Possession with Intent to Distribute Heroin**: The conspirators agreed to possess with intent to distribute 100 grams or more of a mixture or substance containing a detectible amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i).

D. **Distribution of Heroin**: The conspirators agreed to distribute 100 grams or more of a substance containing a detectible amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i).

E. **Possession with Intent to Distribute Fentanyl**: The conspirators agreed to possess with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a

Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(vi).

    F.    **Distribution of Fentanyl**: The conspirators agreed to distribute 40 grams or more of a mixture or substance containing a detectible amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]) propanamide), a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(vi).

    E.    **Use of a Communication Facility**: The conspirators agreed to use communication facilities, including cellular telephones, in committing, causing, or facilitating the commission of a controlled substance felony under Subchapter I of Title 21 of the United States Code, in violation of Title 21, United States Code, Section 843(b).

    F.    **Maintaining Drug-Involved Premises:** The conspirators agreed to open, lease, rent, use and maintain facilities for the purpose of distributing heroin, a Schedule I controlled substance, fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule I controlled substance and methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 856(a).

### Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

It was part of this conspiracy for certain of the defendants and others to store, transport, and conceal controlled substances.

It was part of this conspiracy for certain of the defendants and others to use cellular telephones to further the possession and distribution of controlled substances, and to use coded language to communicate with each other in the course of the conspiracy.

It was part of this conspiracy for certain of the defendants and others to process, store, weigh, and package controlled substances for distribution.

It was part of this conspiracy for certain of the defendants and others to maintain premises for the purposes of storing, packaging, possessing, and distributing controlled substances.

It was part of this conspiracy to use and maintain motor vehicles to transport controlled substances, money, and co-conspirators, to facilitate drug transactions, and to employ counter-surveillance methods while driving or during the conduct of transactions, in the course of possessing with intent to distribute and distributing controlled substances and transporting drug proceeds.

It was part of this conspiracy to register vehicles, rent real property and subscribe to utilities in names that would avoid detection by law enforcement.

It was part of this conspiracy to provide physical locations for conspirators to store, process and organize the distribution of controlled substances.

It was part of this conspiracy to use money remitting services to facilitate launder drug proceeds and facilitate payment for controlled substances.

It was part of this conspiracy to smuggle money across state and international borders to facilitate drug transactions and payment for controlled substances.

In furtherance of this conspiracy, and to effect and accomplish its objectives, the defendants and other co-conspirators committed one or more of the following overt acts:

### Overt Acts

All factual allegations set forth in Counts 2-6 of this Indictment are hereby incorporated by reference and re-alleged as overt acts in furtherance of the conspiracy alleged in Count 1 of

this Indictment. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Oregon and elsewhere:

1. On or about April 25, 2020, █████████████████████████████ and others known and unknown to the grand jury facilitated and arranged to transport approximately 1,700 grams of actual methamphetamine, and approximately 2,000 counterfeit Oxycodone pills containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), and did transport these illegal drugs from California to Oregon for further distribution to their drug customers.

2. On or about April 25, 2020, ████████████████████████, and others known and unknown to the grand jury possessed with intent to deliver approximately 1,700 grams of actual methamphetamine, intending to store and distribute these drugs from locations in Portland, Oregon metro area.

4. On or about April 25, 2020, ████████████████████ and others known and unknown to the grand jury possessed with intent to deliver approximately 2,000 counterfeit Oxycodone pills containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), and intending to store and distribute these drugs from locations in Portland, Oregon metro area.

5. On a date unknown but before, on or about May 19, 2020, ████████████ and others known and unknown to the grand jury supplied 150 gross grams or more of a mixture and substance containing a detectable amount of heroin from an auto shop maintained by ████████████ for distribution to ████████████████████, and others known and unknown to the grand jury, for them to store and distribute to their drug customers in the Portland, Oregon metro area.

**Indictment**                                                                                                    **Page 5**

6.  On or about May 19, 2020, ███████████████████████,
and others known and unknown to the grand jury possessed with intent to deliver approximately 150 gross grams or more of a mixture or substance containing a detectable amount of heroin, and 50 counterfeit Oxycodone pills containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide) and did store these in a residence in Milwaukie, Oregon for delivery to their drug customers.

## COUNT 2
### (Possession with Intent to Distribute Methamphetamine)
### (21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii))

On or about April 25, 2020, in the District of Oregon, defendants ████████ ███████, and ████████████████ did unlawfully and knowingly possess with intent to distribute 50 grams or more of actual methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

## COUNT 3
### (Possession with Intent to Distribute Fentanyl)
### (21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi))

On or about April 25, 2020 in the District of Oregon, defendants ████████ ███████, and ████████████████ did unlawfully and knowingly possess with intent to distribute 40 grams or more of a mixture or substance containing a detectible amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi).

## COUNT 4
### (Possession with Intent to Distribute Methamphetamine)
### (21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii))

On or about May 19, 2020 in the District of Oregon, defendants ███████ ███ and ██████████ did unlawfully and knowingly possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii).

## COUNT 5
### (Possession with Intent to Distribute Fentanyl)
### (21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi))

On or about May 19, 2020 in the District of Oregon, defendants ███████ ███ and ██████████ did unlawfully and knowingly possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule I controlled substance,

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi).

## COUNT 6
### (Possession with Intent to Distribute Heroin)
### (21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i))

On or about May 19, 2020, in the District of Oregon, defendants ███████ ███ and ██████████ did unlawfully and knowingly possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance,

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i).

## COUNT 7
### (Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, to Use a Communication Facility and to Maintain Drug-Involved Premises)
### (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(vi), 843(b), 856(a) and 846)

Beginning on an unknown date but no later than on or before the month of March 2020, and continuing until an unknown date but ending no earlier than the date of this indictment, in the District of Oregon and elsewhere, defendants ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ **HECTOR JAVIER GARCIA,** ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ and ▉▉▉▉▉▉▉▉▉▉▉▉▉ did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons whose identities are known and unknown to commit the following objects in violation of Title 21, United States Code, Section 846:

### Objects of the Conspiracy

A.  **Possession with Intent to Distribute Methamphetamine**: The conspirators agreed to possess with intent to distribute 50 grams of actual methamphetamine its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

B.  **Distribution of Methamphetamine:** The conspirators agreed to distribute 50 grams of actual methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

C.  **Possession with Intent to Distribute Fentanyl**: The conspirators agreed to possess with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a

Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(vi).

D. **Distribution of Fentanyl**: The conspirators agreed to distribute 40 grams or more of a mixture or substance containing a detectible amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(vi).

E. **Use of a Communication Facility**: The conspirators agreed to use communication facilities, including cellular telephones, in committing, causing, or facilitating the commission of a controlled substance felony under Subchapter I of Title 21 of the United States Code, in violation of Title 21, United States Code, Section 843(b).

F. **Maintaining Drug-Involved Premises**: The conspirators agreed to open, lease, rent, use and maintain facilities for the purpose of distributing fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule I controlled substance and methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 856(a).

## Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

It was part of this conspiracy for certain of the defendants and others to store, transport, and conceal controlled substances.

It was part of this conspiracy for certain of the defendants and others to use cellular telephones to further the possession and distribution of controlled substances, and to use coded language to communicate with each other in the course of the conspiracy.

It was part of this conspiracy for certain of the defendants and others to process, store, weigh, and package controlled substances for distribution.

It was part of this conspiracy for certain of the defendants and others to maintain premises for the purposes of storing, packaging, possessing, and distributing controlled substances.

It was part of this conspiracy to use and maintain motor vehicles to transport controlled substances, money, and co-conspirators, to facilitate drug transactions, and to employ counter-surveillance methods while driving or during the conduct of transactions, in the course of possessing with intent to distribute and distributing controlled substances and transporting drug proceeds.

It was part of this conspiracy to register vehicles, rent real property and subscribe to utilities in names that would avoid detection by law enforcement.

It was part of this conspiracy to provide physical locations for conspirators to store, process and organize the distribution of controlled substances.

It was part of this conspiracy to smuggle illegal drugs across state and international borders to facilitate drug transaction.

It was part of this conspiracy to smuggle money across state and international borders to facilitate drug transactions and payment for controlled substances.

In furtherance of this conspiracy, and to effect and accomplish its objectives, the defendants and other co-conspirators committed one or more of the following overt acts:

### Overt Acts

All factual allegations set forth in Counts 8-10 of this Indictment are hereby incorporated by reference and re-alleged as overt acts in furtherance of the conspiracy alleged in Count 7 of

this Indictment. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Oregon and elsewhere:

1. On or about April 25, 2020, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and others known and unknown to the grand jury facilitated and arranged to transport approximately 1,700 grams of actual methamphetamine, and approximately 2,000 counterfeit Oxycodone pills containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), and did transport these illegal drugs from California to Oregon for further distribution to their drug customers.

2. On or about April 25, 2020, ▮▮▮▮▮▮▮▮▮▮▮▮▮, and others known and unknown to the grand jury possessed with intent to deliver approximately 1,700 grams of actual methamphetamine, intending to store and distribute these drugs from locations in the Portland, Oregon metro area.

4. On or about April 25, 2020, ▮▮▮▮▮▮▮▮▮▮▮▮▮, and others known and unknown to the grand jury possessed with intent to deliver approximately 2,000 counterfeit Oxycodone pills containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), and intending to store and distribute these drugs from locations in the Portland, Oregon metro area.

5. On a date unknown but before, on or about July 2, 2020, ▮▮▮▮▮▮▮▮▮▮ agreed to deliver 2,000 counterfeit Oxycodone pills containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide) to ▮▮▮▮▮▮▮▮▮▮▮▮.

6. On or about July 2, 2020, ▮▮▮▮▮▮▮▮▮▮ directed **HECTOR JAVIER GARCIA** to distribute 2,000 counterfeit Oxycodone pills containing a detectable amount of

fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), to ▓▓▓▓ ▓▓▓▓ for the benefit of ▓▓▓▓.

7.  On or about July 2, 2020, **HECTOR JAVIER GARCIA** delivered 2,000 counterfeit Oxycodone pills containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), to ▓▓▓▓ for the purpose of reimbursing ▓▓▓▓ for the pills seized by law enforcement from ▓▓▓▓ and ▓▓▓▓ on April 25, 2020.

8.  From on or about July 26. 2020, to, on or about July 30, 2020, ▓▓▓▓ facilitated controlled substances to be smuggled into the United States by ▓▓▓▓ to deliver to ▓▓▓▓, and ▓▓▓▓.

9.  On or about July 27, 2020, and again on or about July 30, 2020, ▓▓▓▓ delivered methamphetamine and counterfeit Oxycodone pills to ▓▓▓▓, and ▓▓▓▓ for them to transport to the Portland, Oregon metro area to sell to their drug customers.

## COUNT 8
### (Possession with Intent to Distribute Fentanyl)
### (21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi))

On or about July 2, 2020 in the District of Oregon, defendants ▓▓▓▓, **HECTOR JAVIER GARCIA,** ▓▓▓▓**, AND** ▓▓▓▓ did unlawfully and knowingly possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule I controlled substance,

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi).

## COUNT 9
### (Possession with Intent to Distribute Methamphetamine)
### (21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii))

On or about August 4, 2020 in the District of Oregon, defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, did unlawfully and knowingly possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii).

## COUNT 10
### (Possession with Intent to Distribute Fentanyl)
### (21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi))

On or about August 4, 2020 in the District of Oregon, defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, did unlawfully and knowingly possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule I controlled substance,

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi).

### FIRST FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Count 1 of this Indictment, defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations and any property used,

or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

## SECOND FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Count 7 of this Indictment, defendants ███████████████████████████ ███████████ HECTOR JAVIER GARCIA, ███████████ ███████████████████████ and ███████████████ shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

## SUBSTITUTE ASSETS

If any forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

/ / / /

/ / / /

/ / / /

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

Dated: August 20, 2020.

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

BILLY J. WILLIAMS
United States Attorney

PAUL T. MALONEY, OSB #013366
Assistant United States Attorney